IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMIR ISRAEL TORRES,<br>　　　　Petitioner,<br><br>v.<br><br>DOUG DRETKE,<br>　　　　Respondent. | §<br>§<br>§<br>§    CIVIL ACTION NO. H-05-4022<br>§<br>§<br>§<br>§ |

United States Courts
Southern District of Texas
ENTERED

DEC 0 5 2005

Michael N. Milby, Clerk of Court

## MEMORANDUM OPINION AND ORDER

State inmate Samir Israel Torres has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2000 felony conviction. He also seeks an injunction to prevent being placed on parole. After considering the pleadings and the applicable law, the Court **DISMISSES** this lawsuit.

### I.    PROCEDURAL BACKGROUND AND CLAIMS

According to his petition, petitioner pleaded guilty to intoxication manslaughter on July 24, 2000, and was sentenced to eight years confinement. He did not appeal the conviction, and did not seek habeas review in state court. He filed this petition on October 31, 2005, arguing that his guilty plea was involuntary as he did not understand the nature of the charge and the consequences of the plea. He also requests this Court to enter an injunction, ordering the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ) to allow him to finish his sentence in prison without being released on parole.

## II.  DISCUSSION

### A.  The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the one-year limitations at the conclusion of direct review or the expiration of the time for seeking such review. Petitioner did not file an appeal, and accordingly, his conviction became final for purposes of the AEDPA limitations thirty days later, on or about August 24, 2000. That date triggered the AEDPA statute of limitations, which expired one year later on or about August 24, 2001. Petitioner's pending federal petition, filed in 2005, is time-barred unless an exception applies.

### B.   Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner did not seek state habeas review. No grounds for application of 28 U.S.C. § 2252(d)(1)(B), (C), or (D), or for application of any equitable tolling provision under AEDPA, are alleged or shown by the record before this Court. Accordingly, there is no statutory or other basis to save petitioner's untimely petition. This pending habeas petition is barred by the AEDPA one-year limitation period.

### III.   INJUNCTIVE RELIEF

Petitioner states that he has served five years and eight months of his eight year sentence, and that he wants to complete his sentence in prison without being released on

3

parole. He gives no explanation for this request. Regardless, he does not show that he presently is eligible for parole, or that he has been ordered released on parole. Accordingly, his request at this time is speculative and not ripe for consideration. *See Orix Credit Alliance v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (noting that a court should dismiss a case for lack of ripeness when the case is abstract or hypothetical and that a case is not ripe if further factual development is required). Accordingly, petitioner's request for injunctive relief is **DISMISSED WITHOUT PREJUDICE**.

### III. CONCLUSION

The Court **ORDERS** as follows:

1. Petitioner's petition for habeas relief is **DENIED** and this habeas case is **DISMISSED WITH PREJUDICE.**

2. Petitioner's request for injunctive relief is **DISMISSED WITHOUT PREJUDICE**.

3. A certificate of appealability is **DENIED**.

4. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 2nd day of December, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE